IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE ABDULLAH RASHEED,<br><br>  Petitioner,<br><br>vs.<br><br>C. GIPSON,<br><br>  Respondent.<br>_____ / | 1:11-cv-01898-DLB (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHEN DISTRICT OF CALIFORNIA |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from San Francisco County, which is in the Northen District of California. Therefore, the petition should have been filed in the United States District

-1-

-2-

1  Court for the Northern District of California. In the interest of justice, a federal court may transfer a case
2  filed in the wrong district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d
3  918, 932 (D.C. Cir. 1974).
4      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
5  District Court for the Northen District of California.

7     IT IS SO ORDERED.
8     **Dated:**   **November 22, 2011**            /s/ **Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE