1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J. SMITH, aka TAHEE RASHEED,

           Petitioner,

  vs.

J. SOTO, Acting Warden,

           Respondent.

                                  /

No. C 11-05767 YGR (PR)

**ORDER TO SHOW CAUSE AND
ADDRESSING PETITIONER'S PENDING
MOTION**

Petitioner, a state prisoner currently incarcerated at California State Prison - Los Angeles County (LAC), has filed the present action. He has been granted leave to proceed *in forma pauperis* (IFP).

In an Order dated October 23, 2012, the Court determined that Petitioner was seeking federal habeas relief from his state convictions. However, Petitioner did not use this Court's habeas petition form. The Court found that the petition he had submitted was not comprehensible. Therefore, the petition was dismissed with leave to amend. Petitioner was instructed to filed an amended petition using the proper form within thirty days.

On November 19, 2012, Petitioner filed an amended petition.

On November 29, 2012, Petitioner filed a motion entitled, "Request of Extension of Time to File the Injunction," in which he complains that LAC prison officials have denied him his "legal property, canteen, mailouts, access to the law library, [and] access to legal materials." (Nov. 29, 2012 Mot. at 1.)

It does not appear from the face of the amended petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1.        The Clerk of the Court shall serve a copy of this Order and the amended petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

2.      Respondent shall file with this Court and serve upon Petitioner, within **sixty-three (63) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.      If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty-three (63) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty-three (63) days** after the date Petitioner is served with Respondent's Answer.

4.      Respondent may file with this Court and serve upon Petitioner, within **sixty-three (63) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty-three (63) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7.      J. Soto, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

8.      Petitioner has filed a "Request of Extension of Time to File the Injunction" (Docket No. 13), in which he challenges the conditions of his confinement at LAC. A federal habeas petition is not the proper way to raise such claims. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement). Accordingly, Petitioner's motion is DENIED. His claims attacking the conditions of his confinement are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. § 1983. Therefore, if Petitioner wishes to pursue such claims, he may do so by filing a new civil rights action accompanied by the requisite filing fee or an IFP application in the correct venue. Because LAC is located in Lancaster, California, which lies within the venue of the Central District of California, and Petitioner seeks immediate injunctive relief and damages from LAC prison officials for various conditions of his current confinement, it is in the interests of justice and convenience of the parties for these claims to be pursued in the Western Division of the United States District Court for the Central District of California. Therefore, Petitioner may file a civil rights action in that venue if he wishes to pursue such claims.

9.      This Order terminates Docket No. 13.

IT IS SO ORDERED.

DATED: January 28, 2013  _____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**