UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

J. SMITH, aka TAHEE RASHEED,

    Petitioner,

    v.

J. SOTO, Warden, et al.,

    Respondents.

Case No.  11-5767 WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner J. Smith seeks federal habeas relief from his state convictions. Respondents move to dismiss as untimely the petition for such relief. For the reasons set forth below, respondents' motion is GRANTED. The petition is DISMISSED.

## BACKGROUND

In 1999, Smith was convicted of grand theft property and burglary by a San Mateo County Superior Court jury, and was sentenced to an indeterminate term of twenty-eight years to life in state prison. The state appellate court affirmed his convictions, and the state supreme court denied his petition for direct review in 2000. From 2000 to 2011, Smith has filed over twenty petitions for relief in the state courts, all of which were denied.

He also has filed at least fifteen actions in federal court, all of which are closed.

## DISCUSSION

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See id.* § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### II. Timeliness of the Petition

The following facts are undisputed. On July 26, 2000, the state supreme court denied Smith's petition for direct review. He then had one year and ninety days, that is, until October 24, 2001, to file a timely federal habeas petition. The instant petition, however, was not filed until November 9, 2011,[1] well after the October 24, 2001 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

---

[1] Smith is entitled to this filing date, rather than the November 15, 2011 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed it (November 9, 2011) and will use that as the filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

### 1. Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2).

The two petitions he filed prior to the state supreme court's denial of his petition for review (one in 1999 and the other in 2000) cannot toll the statute of limitations because the statute had not started to run prior to their filing. *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008). The two petitions he filed asking for transcripts (on August 2 and October 5, 2000) cannot toll the limitations period because they did not challenge the convictions, but rather were requests for documents. *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009) (citing *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001)).

His January 11, 2001 habeas petition, filed 169 days after his conviction became final, does toll the statute because it challenged the convictions and was filed before the October 24, 2001 deadline. The state appellate court denied the petition on January 30, 2001. He filed another petition on February 8, 2001, which the state appellate court denied on February 15, 2001. His next state petition was not filed until over two years later, on May 15, 2003.[2] Since 2003, he has filed many state petitions. Federal habeas petitions cannot serve to toll the statute of limitations period, therefore the many federal actions Smith has filed since (the first in 2009) do not stop the running of the statute. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

Smith is not entitled to statutory tolling. More than a year and ninety days passed between the denial of one state petition (if one uses the date of February 15, 2001) and his filing the May 15, 2003 petition. A state habeas petition filed after AEDPA's statute of

---

[2] His petition for a writ of mandate, which was filed on April 25, 2001 and denied on May 2, 2001, did not toll the state of limitations. *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002). Even if it did, more than two years passed between the May 2, 2001 denial and the May 15, 2003 filing.

3

limitations ended cannot toll the limitation period, so none of the petitions Smith filed after May 15, 2003 serve to toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Smith is not entitled to statutory tolling. Absent equitable tolling, the petition must be dismissed.

### 2. Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Smith has not shown either requirement, in either his petition or in any other filings. At most he makes conclusory and undetailed statements that prison officials destroyed his legal materials. He fails to connect such alleged events to his failure to file the instant petition for more than a decade after his 1999 conviction. On such a record, Sullivan is not entitled to equitable tolling. Accordingly, the petition must be dismissed.

### III. Pending Motions

Smith's motions for a preliminary hearing (Docket No. 22), for immediate release (Docket No. 27), and for an extension of time to file a joint or separate statement (Docket No. 26), are DENIED as moot.

His motion for the appointment of counsel (Docket No. 18) is also DENIED. 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require"

4

and such person is financially unable to obtain representation. But there is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Smith has not shown that there are exceptional circumstances warranting appointment of counsel.

## CONCLUSION

Respondent's motion to dismiss the petition (Docket No. 19) is GRANTED. The petition is DISMISSED.

Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondents, terminate Docket Nos. 18, 19, 22, 26 and 27, and close the file.

**IT IS SO ORDERED.**

**Dated:** September 27, 2013



WILLIAM H. ORRICK
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TAHEE ABDULLAH RASHEED,

        Plaintiff,

  v.

J. SOTO, et al,

        Defendant.

Case Number: CV11-05767 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 27, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.

Tahee Abdullah Rasheed J74120
Salinas Valley State Prison
C3-114
P.O. Box 1050
Soledad, CA 93960

Dated: September 27, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk